UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORA ELIZABETH MUNGUIA,<br>Petitioner,<br>v.<br>WARDEN, Adelanto ICE Processing Center, et al.,<br>Respondents. | Case No. 5:26-cv-04533-PD<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**<br><br>**A# 246-409-020** |
| GERSON JARED RODRIGUEZ-MUNGUIA,<br>Petitioner,<br>v.<br>WARDEN, Adelanto ICE Processing Center, et al.,<br>Respondents. | Case No. 5:26-cv-04534-PD<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**<br><br>**A# 246-409-034** |

Before the Court are two related Petitions for Writs of Habeas Corpus under 28 U.S.C. § 2241, filed by Debora Elizabeth Munguia ("Munguia") and her son, Gerson Jared Rodriguez-Munguia ("Rodriguez-Munguia") (collectively, "Petitioners"), who are seeking a bond hearing or release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. The Court has considered the Petitions, Respondents' Answers thereto, and Petitioners' replies. Respondents are not presenting an opposition argument to either Petition. Dkt. No. 9.

## I. Background

The Court incorporates by reference, the allegations set forth in both Petitions, and the attached exhibits, which Respondents do not oppose. Dkt. No. 1.

## II. Discussion

The Petitions raise one claim: Petitioners' re-detention without prior notice and opportunity to be heard violated their rights to due process under the Fifth Amendment.

### A. Procedural Due Process

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025),

*adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioners' due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1. Private Interest

Petitioners have a substantial private interest in remaining out of custody. Petitioners have resided in the United States since December 2022, when they were paroled into the country. While living in the United States, Munguia has worked at a laundromat and has supported her son's education. Likewise, Rodriguez-Munguia has worked at a food-packing facility, attended school, and earned his high school equivalent diploma. Petitioners were detained at their ICE check-in on July 13, 2026—over three and half years after entering the United States.

While Petitioners have remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025,

1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioners' substantial interest in maintaining their freedom from confinement. *See Cruz*, 2025 WL 4051129 at *3; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

### 2. Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where she has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk). Here, Petitioners have not been provided with a custody redetermination hearing.

Further, in evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

Petitioners allege that neither have criminal history, are not a danger to the community, and have attended their regular ICE check-ins. Respondents do not contend that changed circumstances prompted revocation of Petitioners' release.

Petitioners' initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, Petitioners' release was predicated on the Government's determination that Petitioners did not present a danger or flight risk requiring their detention. *See* 8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding"). Since then, Petitioners have established substantial ties with the community and have complied with all reporting requirements.

Respondents' Answers to the Petitions do not present an opposition argument to Petitioners' claims, or to their requests for release.[1] *See* Dkt. No. 9.

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioners in fact present a danger or flight risk—has resulted in Petitioners' unnecessary re-detention.

**3. Government Interest**

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' " *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioners have a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of

---

[1] The absence of opposition to Petitioner's Fifth Amendment due process claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

constitutionally adequate procedures has resulted in their unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioners without adequate pre-deprivation process violated due process.

## III. Conclusion

The Court grants the Petitions and orders release under their previous conditions. Though not requested in the Petitions, the replies "ask[] for an order requiring that Respondents not detain [Petitioners] again absent notice and an opportunity to be heard. Courts in this district have ordered these remedies in cases similar to the instant case." Dkt. No. 10. However, the Petition fails to provide a legal and factual basis for ordering such prospective relief at this time.

## IV. Order

For the foregoing reasons, the Petitions (*Debora Elizabeth Munguia v. Warden Adelanto ICE Processing Center, et al.*, Case No. 5:26-cv-04533-PD; *Gerson Jared Rodriguez-Munguia v. Warden Desert View Facility, Adelanto ICE Processing Center, et al.*, Case No. 5:26-cv-04534-PD) are GRANTED.

Petitioners Debora Elizabeth Munguia (**A# 246-409-020**) and Gerson Jared Rodriguez-Munguia (**A# 246-409-034**) are **ordered released** on their prior conditions of release within 24 hours of this Order.

At the time of release, **Respondents are ordered** to return to Petitioners all of Petitioners' personal belongings that were seized from them, including their immigration documents.

**Respondents are further ordered** to file, within three days of Petitioners' release, a status report (1) confirming Petitioners' release, and (2) confirming the return to Petitioners of their personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATED: August 19, 2026

Patricia Donahue
United States Magistrate Judge